IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


KENNETH RAY PITTS                                                                                PETITIONER


v.                                         NO. 5:13CV00173 BSM/HDY


RAY HOBBS, Director of the                                                                   RESPONDENT
Arkansas Department of Correction


FINDINGS AND RECOMMENDATION


INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, Arkansas 72201-3325

## RECOMMENDATION

The record reflects that in 2006, a Pulaski County, Arkansas, Circuit Court jury convicted petitioner Kenneth Ray Pitts ("Pitts") of second-degree sexual assault and sexual indecency with a child and sentenced him to an aggregate term of seventy-five years in the custody of respondent Ray Hobbs ("Hobbs"). Pitts appealed, but the Arkansas Court of Appeals found no reversible error and affirmed his conviction. See Pitts v. State, 2007 WL 3171942 (Ark.App. 2007). He thereafter sought discretionary review with the Arkansas Supreme Court, but his request was denied.

In 2008, Pitts attacked his 2006 conviction by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Pitts v. Norris, 5:08CV00322 HDY. The undersigned found that the petition contained claims that were procedurally barred from federal court review or, alternatively, had no merit and dismissed the petition in 2009.

In 2013, Pitts attacked his 2006 conviction a second time by filing the petition at bar pursuant to 28 U.S.C. 2254. He maintained in the petition that numerous errors were committed during the trial and his attorney provided constitutionally inadequate representation. In addition to attacking his conviction, he also attacked the sentence he received for the conviction. He maintained that his prior convictions from 1979, 1983, 1985, and 1990 were erroneously used to enhance his sentence for the 2006 conviction. Last, he appeared to maintain in the petition that the undersigned erred in dismissing 5:08CV00322 because he could and can show cause for his procedural default.

Hobbs responded to Pitts' petition by filing the pending motion to dismiss. See Document 10. In the motion, Hobbs maintained that Pitts neither sought nor obtained permission from the United States Court of Appeals for the Eighth Circuit to file a second or successive petition pursuant to 28 U.S.C. 2254 and, absent an order from the Court of Appeals authorizing such a petition, his petition cannot be considered.

Pitts thereafter filed a response to the motion to dismiss. He maintained, inter alia, that he was given permission to file a second or successive petition.

Hobbs filed a reply to Pitts' response and addressed his assertion that he was given permission to file a second or successive petition. Hobbs maintained the following:

> Petitioner now claims that the Eighth Circuit, in fact, has given him permission to file a successive petition. … He has not attached any order from the Eighth Circuit that gave him that permission. Respondent's search of the dockets of both the Eighth Circuit and this Court do not show that petitioner ever sought or obtained permission from the Eighth Circuit to proceed with his present petition. Because petitioner has not sought or obtained permission from the Eighth Circuit to file his present successive petition, respondent stands by his motion to dismiss based on [petitioner's] failure to obtain the necessary permission to proceed in this Court.

See Document 15.

Pitts thereafter filed separate rebuttals to Hobbs' reply. Pitts appeared to acknowledge that he never obtained permission to file the petition at bar, but he was not required to obtain permission to file it. He appeared to so maintain because his petition is actually a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) and/or, alternatively, a motion to recall the mandate in 5:08CV00322.

The undersigned is convinced that regardless of how Pitts' petition is construed, it should be dismissed. Consequently, the undersigned recommends that Hobbs' motion to dismiss be granted, Pitts' motion for order be denied, his petition be dismissed, judgment be entered for Hobbs, and a certificate of appealability be denied.

The correct characterization of Pitts' petition is the subject of some dispute. The undersigned assumes, arguendo, that the petition at bar is a motion pursuant to Rule 60(b). Having so assumed, the undersigned recommends that it be dismissed for at least two reasons. First, it is untimely. Rule 60(c)(1) provides that a motion under Rule 60(b) must be made "within a reasonable time-and for reasons (1), (2), and (3) [of Rule 60(b)] no more than a year after the entry of the judgment or order or the date of the proceeding." Pitts waited approximately four years after the dismissal of 5:08CV00322 to file his Rule 60(b) motion. The four years he waited is an unreasonable amount of time because he was aware of all but one of the claims at bar when he filed the petition in 5:08CV00322, and he became aware of the other claim, i.e., a challenge to the dismissal of 5:08CV00322, when that petition was dismissed in 2009.

Second, Pitts was required to obtain the permission of the Court of Appeals before filing his Rule 60(b) motion. 28 U.S.C. 2244(b)(3)(A) provides, in part, that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." A Rule 60(b) motion falls within the scope of 28 U.S.C. 2244(b) in the following circumstance:

> A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim <u>on the merits</u>." <u>Gonzalez</u>, 545 U.S. at 530 ... "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. 2254(a) and (d)." <u>Id</u>. at 532 n. 4 ... When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA.
>
> No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." <u>Id</u>. at 532 ... Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." <u>Id</u>. at n. 4. This reasoning is illustrated in <u>Gonzalez</u>, in which the petitioner moved for relief from judgment challenging the district court's determination that his habeas petition was time barred under AEDPA. Because the motion challenged only the statute of limitations that applied to the habeas proceeding and did not assert a claim, the Supreme Court held that it was not a second or successive habeas petition. <u>Id</u>. at 535-36 ...

See <u>Ward v. Norris</u>, 577 F.3d 925, 933 (8th Cir. 2009). It is clear that Pitts' Rule 60(b) motion contains "claims" as that term is defined in <u>Ward v. Norris</u>. He maintains that numerous errors were committed during his 2006 trial, his attorney provided ineffective representation, and his prior convictions were erroneously used to enhance the sentence he received for the 2006 conviction. Not only are those assertions claims, they are new claims in that they were not raised in 5:08CV00322. He is therefore asserting a federal basis for relief from the state court's judgment of conviction, and permission to file the Rule 60(b) motion was required. He failed to obtain the required permission.

Notwithstanding the foregoing, the undersigned assumes, arguendo, that the petition at bar is a motion to recall the mandate in 5:08CV00322. Having so assumed, the undersigned recommends that it be dismissed for at least two reasons. First, it does not appear that a mandate was ever issued in 5:08CV00322. Second, assuming one was issued, "a motion to recall the mandate is the functional equivalent of a second or successive petition for habeas corpus," see Walls v. Bowersox, 180 F.3d 986, 987 (8th Cir. 1999), and permission to file the motion is required. He failed to obtain the required permission.

Notwithstanding the foregoing, the undersigned assumes, arguendo, that the petition at bar is one pursuant to 28 U.S.C. 2254. Having so assumed, the undersigned recommends that it be dismissed. 28 U.S.C. 2244(b)(3)(A) provides that before a second or successive petition can be filed, the petitioner shall "move in the appropriate court of appeals for an order authorizing the district court to consider the application." The petition at bar is Pitts' second attack on his 2006 conviction by means of a petition pursuant to 28 U.S.C. 2254, and he failed to obtain the required permission.[1]

---

[1]

Two concluding points are in order. First, there are exceptions to the rule requiring the permission of the Court of Appeals before a second or successive petition may be filed, e.g., approval is not required when a prior petition is dismissed for failure to exhaust, see Slack v. McDaniel, 529 U.S. 473 (2000); or when a prior petition is dismissed as premature, see Stewart v. Martinez-Villareal, 523 U.S. 637 (1998). The petition at bar does not satisfy any exception to the rule.

Second, in Bates v. Norris, 2006 WL 3741925 (E.D.Ark. December 18, 2006), Judge Wilson chose not to dismiss a petitioner's second or successive petition but instead ordered that the petition be construed as a motion to proceed with a second or successive petition and be transferred to the Court of Appeals. Pitts' petition should not be treated likewise.

In short, regardless of how Pitts' petition is construed, that is, whether it is construed as one pursuant to Rule 60(b), or as a motion to recall the mandate in 5:08CV00322, or as a petition pursuant to 28 U.S.C. 2254, it should be dismissed. Consequently, the undersigned recommends that Hobbs' motion to dismiss be granted, Pitts' motion for order be denied, his petition be dismissed; judgment be entered for Hobbs; and a certificate of appealability be denied.

DATED this ___11___ day of July, 2013.

_____
UNITED STATES MAGISTRATE JUDGE